IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Monteca Strange,                     :

          Plaintiff,                 :

     v.                              :     Case No. 2:05-cv-0109

Franklin County Corrections          :     JUDGE GRAHAM
Center,
                                     :     MAGISTRATE JUDGE KEMP
          Defendant.

REPORT AND RECOMMENDATION

     This matter is before the Court on the Franklin County
Corrections Center's ("FCCC") motion for judgment on the
pleadings pursuant to Fed.R.Civ.P. 12(c).  For the following
reasons, it is recommended that FCCC's motion be granted.

     On February 1, 2005, Monteca Strange filed a complaint
against FCCC in this Court alleging, *inter alia*, that he has been
denied medical assistance in violation of his constitutional
rights.  Specifically, Mr. Strange claims that he has an
abscessed tooth and a venereal disease that is causing him pain,
but FCCC refuses to provide him with medical treatment.  Mr.
Strange seeks injunctive relief and requests that this Court
order medical treatment, or, in the alternative, that his
criminal case be dismissed so that he can receive proper medical
help.

     A motion for judgment on the pleadings should be analyzed in
a similar manner as a motion to dismiss pursuant to Fed.R.Civ.P.
12(b)(6).  See Kottmyer v. Maas, __F.3d__ (6th Cir. Jan. 18,
2006).  As the Court of Appeals for the Sixth Circuit recently
stated:

          A Rule 12(c) motion for judgment on the
          pleadings for failure to state a claim upon

> which relief can be granted is nearly
> identical to that employed under a Rule
> 12(b)(6) motion to dismiss.  When ruling on a
> defendant's motion to dismiss on the
> pleadings, a district court must construe the
> complaint in the light most favorable to the
> plaintiff, accept all of the complaint's
> factual allegations as true, and determine
> whether the plaintiff undoubtedly can prove
> no set of facts in support of his claim that
> would entitle him to relief. [A court],
> however, need not accept as true legal
> conclusions or unwarranted factual
> inferences.

Id. (internal citations and quotations omitted).

In FCCC's motion for judgment on the pleadings, it argues
that Mr. Strange has failed to exhaust his administrative
remedies before filing this case.  Further, FCCC claims that
FCCC, the only named defendant in this action, is an entity, not
a "person" within the statutory reach of 42 U.S.C. §1983.
Finally, FCCC contends that Mr. Strange was transferred from FCCC
to the Chillicothe Correctional Institution, which moots his
claim.

Preliminarily, FCCC claims that Mr. Strange has not
exhausted his administrative remedies because he allegedly failed
to follow the grievance procedure at the Franklin County Jail.  A
review of the record reveals, however, that FCCC failed to
indicate whether the Franklin County Jail adopted the grievance
procedure outlined in Ohio Administrative Code §5120-9-31 or some
other procedure as allowed by Ohio Administrative Code, and,
after some research, this Court could not locate any relevant
material regarding the subject.  Accordingly, this Court cannot
determine whether Mr. Strange exhausted all available
administrative remedies in compliance with 42 U.S.C. §1997e.

42 U.S.C. §1983 is the statutory vehicle for persons to seek
redress for violations of their constitutional rights.  The

statute states that "[e]very person who, under the color of any statute...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured...."  42 U.S.C. §1983.  As the statute reads, in order to bring a successful §1983 claim, a "person" must cause the constitutional deprivation.  In the instant case, however, Mr. Strange alleges that FCCC caused the constitutional injury.  FCCC is a county jail, not a "person" within the meaning of a §1983 claim.  See, e.g., Rhodes v. McDannel, 145 F.2d 117, 120 (6th Cir. 1991)(sheriff's department not a "person" under §1983); Parker v. Michigan Dept. of Corrections, 65 Fed.Appx. 92 (6th Cir. 2003)(Department of Corrections not a "person" under §1983); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993)(jail not a "person" for §1983 purposes); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989)(same); Mitchell v. Chester County Farm Prisons, 426 F.Supp. 271, 274 (E.D. Penn. 1976)(same).

In sum, Mr. Strange undoubtedly can prove no set of facts in support of his claim because Mr. Strange failed to identify a "person" as a defendant in this §1983 action.  This Court will not discuss whether Mr. Strange's transfer from FCCC to Chillicothe Correctional Institution moots his claim.  This Court RECOMMENDS that FCCC's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) (doc. #8) be GRANTED and that the action be DISMISSED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See, 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  See Thomas v. Arn., 474 U.S. 140, 150-152 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981); see also Small v. Sec'y of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989).


                              /s/ Terence P. Kemp
                              United States Magistrate Judge